IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00964-BNB

TOMMY SMITH,

    Plaintiff,

v.

TIMOTHY LYDEN,
TAMMY ANDING,
JOE DRIVER, and
G.E.O. CORR. OF AMERICA,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Tommy Smith, is a prisoner in the custody of the Alaska Department of Corrections and currently is incarcerated at a private correctional facility in Hudson, Colorado. Mr. Smith, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. He seeks injunctive relief and compensatory and punitive damages.

    The Court must construe the Complaint liberally because Mr. Smith is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Smith will be ordered to file an Amended Complaint and assert how all named parties personally participated in violating his constitutional rights.

To establish personal participation, Mr. Smith must show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. See Dodds v. Richardson, et al., 614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring). Also, a private actor, such as Defendant G.E.O. Corrections of America, cannot be held liable under § 1983 on a respondeat superior theory. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (collecting circuit court cases).

To state a claim in federal court, Mr. Smith must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Smith also must provide addresses for each named defendant. Accordingly, it is

ORDERED that Mr. Smith file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives. It is

FURTHER ORDERED that Mr. Smith shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant),

along with the applicable instructions, at www.cod.uscourts.gov.  It is

      FURTHER ORDERED that the Court will dismiss the action without further notice if Mr. Smith fails within the time allowed to file an Amended Complaint that complies with this Order.  It is

      FURTHER ORDERED that process shall not issue until further order of the Court.

      DATED April 22, 2013, at Denver, Colorado.

                      BY THE COURT:

                        s/ Boyd N. Boland
                        United States Magistrate Judge